UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 29 2010
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Victor Del Rio, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **10 0181** |
| ) | |
| U.S. Department of Justice *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain " (1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff, a resident of Spring, Texas, sues the United States Department of Justice and Attorney General Eric Holder for alleged acts and omissions stemming from child custody proceedings in Texas. As best that can be discerned from the mostly incomprehensible complaint, plaintiff has been in a fierce battle with his ex-wife over the custody of their son since December 2007 or earlier. Plaintiff seeks an "[e]xpedited writ of habeas corpus . . . for return of SON suffering brain damages-brain seizures-history of developmental delays caused by TRACEY DEL RIO. . . ." Compl. at 4 (page number altered from original) (capitalization in original). There is no indication, however, that the child is in the custody of a State or federal government, which is a requirement for obtaining habeas relief. *See* 28 U.S.C. §§ 2241-2243; *Hensley v. Municipal Court, San Jose Milpitas Judicial District, Santa Clara County, California*, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty").

In any event, the complaint allegations do not implicate the named defendants in the alleged misconduct and, thus, fail to provide any notice of a claim against them.[1] In addition, notwithstanding plaintiff's listing of various federal statutes, Compl. at 1-3, the basis of federal court jurisdiction is not established. A separate order of dismissal accompanies this Memorandum Opinion.

/s/ *signature*
United States District Judge

Date: January 18, 2010

---

[1] Similarly, the complaint allegations are too vague to provide adequate notice of a claim against the "third-party defendants" listed on the face of the complaint.